# IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS

ELIJAH BURCH on behalf of himself and )
all similarly situated former and current pre-trial )
detainees housed at the Coles County Jail, )
                                              )      Case No. 25-CV-1068
                              Plaintiff,      )
                                              )
     v.                                       )
                                              )      TRIAL BY JURY DEMANDED
KENT MARTIN, in his individual                )
and official capacity as the COLES COUNTY     )
SHERIFF, LT. KARI BEADLES, Corrections        )
Supervisor of the Coles County Jail, in her   )
individual capacity, OFFICER BENNER, in their )
individual capacity as a Coles County Sheriff's )
Deputy, LOGAN BROWN, in his individual        )
capacity as a Coles County Sheriff's          )
Deputy, OFFICER BUTLER, in their individual   )
capacity as a Coles County Sheriff's Deputy,  )
KYLE CHILDRESS, in his individual capacity    )
as a Coles County Sheriff's Deputy,           )
BUDDY LE COE, in his individual               )
capacity as a Coles County Sheriff's          )
Deputy, CHASE DUNNE, in his individual        )
capacity as a Coles County Sheriff's          )
Deputy, DERRICK FINNEY, in his individual     )
capacity as a Coles County Sheriff's Deputy,  )
JAMEY FLYNN, in his individual                )
capacity as a Coles County Sheriff's Deputy,  )
NICOLE KATZ, in her individual capacity as a  )
Coles County Sheriff's Deputy,                )
OFFICER KASTLE, in their individual           )
capacity as a Coles County Sheriff's Deputy,  )
ALEXANDER KERSTEN, in his individual          )
capacity as a Coles County Sheriff's Deputy,  )
THADDEUS LANG, in his individual capacity     )
as a Coles County Sheriff's Deputy,           )
OFFICER LYL, in their individual capacity     )
as a Coles County Sheriff's Deputy,           )
JOSHUA MILLER, in his individual capacity     )
as a Coles County Sheriff's Deputy,           )
CADEN PRICE, in their individual capacity     )
as a Coles County Sheriff's Deputy,           )
OFFICER RENO, in their individual capacity    )
as a Coles County Sheriff's Deputy,           )
RYAN SHEPERD, in his individual capacity      )

as a Coles County Sheriff's Deputy, )
KRISTINA SOKOLINSKI (BAXTER), in her )
individual capacity as a Coles County Sheriff's )
Deputy, MACIE WADDILL, in her individual )
capacity as a Coles County Sheriff's Deputy, )
OFFICER WILSON, in their individual capacity )
as a Coles County Sheriff's Deputy, and )
THE COUNTY OF COLES, ILLINOIS, an Illinois )
municipal corporation, )
 )
     Defendants. )

## CLASS ACTION COMPLAINT

NOW COMES the Plaintiff ELIJAH BURCH, on behalf of himself and all similarly situated former and current pre-trial detainees housed at the Coles County Jail, by and through their attorneys, Devlin Joseph Schoop of Laduzinsky & Associates, P.C., and Judith Marie Redwood of Redwood Law Office, and complaining of the Defendants, as follows:

### JURISDICTION AND VENUE

1.  The federal subject matter jurisdiction of this Court is invoked pursuant to the Civil Rights Act, 42 U.S.C. §1983, 28 U.S.C. §1331 and §1343(a), the Constitution of the United States. This action is brought pursuant to the United States Constitution to redress deprivations of the civil rights of Plaintiff ELIJAH BURCH and all similarly situated current and former pre-trial detainees housed in certain cells that are not equipped with a toilet nor drinking water (hereinafter referred to as the "medical observation cells") of the Coles County Jail, caused by and through the acts and omissions to act by the Defendants.

2.  Venue is proper in the Central District of Illinois, under 28 U.S.C. §1391(b) because the acts and events giving rise to the complaint occurred in the Central District of Illinois and because, upon information and belief, the Defendants reside and/or transact business here.

3.  This lawsuit commenced by Plaintiff ELIJAH BURCH is not governed by the Prison Litigation Reform Act of 1996 (PLRA), or its requirements to administratively exhaust internal

prison grievance procedures as a prerequisite to filing suit. Plaintiff ELIJAH BURCH is no longer in custody of the Coles County Jail and was not in custody of any correctional facility when this lawsuit was commenced. *Kerr v. Puckett*, 138 F.3d 321, 323 (7th Cir. 1998) ("Just in case anyone might be tempted to equate 'prisoner' with 'ex-prisoner' . . . [the PLRA] says that its object is a 'prisoner *confined in* a jail, prison or other correctional facility . . . [t]he statutory language does not leave wiggle room; a convict out on parole is not a person incarcerated.")

4.      Because Plaintiff ELIJAH BURCH has standing to sue the Defendants, all other similarly situated current and former pre-trial detainees are likewise allowed to proceed in this action pursuant to the doctrine of vicarious exhaustion. *Hartman v. Duffey*, 88 F.3d 1232, 1235 (D.C. Cir. 1996); *Lewis v. Washington,* 265 F. Supp. 939 (N.D. Ill. 2003) (holding the purpose of affording prison officials an opportunity to address complaints internally is met when one plaintiff in a class action has standing to sue); *Jones v. Berge,* 172 F. Supp.2d 1128, 1133 (W.D. Wisc. 2001) (same); *Phipps v. Sheriff of Cook* County, 681 F. Supp.2d 899 (N.D. Ill. 2009) (same); *Rahim v. Sheahan*, 2001 U.S. Dist. LEXIS 17214, *23 (N.D. Ill. Oct. 19, 2001) (Schenkier, M.J.) ("[A] waiver of the PLRA exhaustion requirement as to the class representative is a waiver as to all putative class members.").

5.      This suit is not barred by the doctrine of qualified immunity.  For decades, incarcerated persons have had a clearly established right to not be subjected to conditions of confinement that constitute "extreme deprivations, including being locked in a cell for days without running water and a toilet. *Jackson v. Duckworth*, 955 F.2d 21 (7th Cir. 1992).[1]

---

[1] Because Plaintiff was a pre-trial detainee, his conditions of confinement are assessed under the *Kinglsey v. Hendrickson* objective reasonableness standard and not the more stringent Eighth Amendment standard applied in *Jackson v. Duckworth*. *Kingsley*, 576 U.S. 389 (2015). As such, the right of Plaintiff and the putative class to have running water and a functioning toilet as a pre-trial detainee was clearly established at the time of his rights were violated.

**PARTIES**

6.     Plaintiff ELIJAH BURCH was and is a citizen of the United States and a resident of Charleston, Illinois, and at all times relevant herein, was a pre-trial detainee at the Coles County Jail.

7.     Defendant Coles County Sheriff KENT MARTIN, is and was, at all times mentioned herein, a citizen of the United States residing within the jurisdiction of this Court. At all times mentioned herein, Defendant KENT MARTIN was acting within the scope of his official duties as the duly elected Sheriff of Coles County, Illinois. In his capacity as the Coles County Sheriff, Defendant KENT MARTIN is being sued in his individual and official capacities.

8.     As the Coles County Sheriff, KENT MARTIN is a final policymaker with final policymaking authority over operations of the Coles County Jail. 730 ILCS 125/2; *DeGenova v. Sheriff of DuPage County*, 209 F.3d 973, 976 (7th Cir. 2000) (holding "Illinois sheriffs have final policymaking authority over jail operations" for purposes of *Monell* liability); *Moy v. County of Cook*, 159 Ill.2d 519 (Ill. 1994) (holding that under Illinois law, a Sheriff's policies for jail operations "are independent of and unalterable by any governing body.").

9.     Defendant KARI BEADLES, Corrections Supervisor for the Coles County Jail, is and was, at all times mentioned herein, a citizen of the United States residing within the jurisdiction of this Court. At all times mentioned herein, she was acting within the scope of her employment as the Corrections Supervisor for the Coles County Jail.  In her capacity as the Corrections Supervisor for the Coles County Jail, Defendant KARI BEADLES is being sued in her individual capacity.

10.     Defendant OFFICER BENNER is and was, at all times mentioned herein, a citizen of the United States residing within the jurisdiction of this Court. At all times mentioned herein, OFFICER BENNER was acting within the scope of their employment as a Coles County Sheriff's Deputy. Defendant OFFICER BENNER is being sued in their individual capacity.

11.     Defendant LOGAN BROWN, is and was, at all times mentioned herein, a citizen of the United States residing within the jurisdiction of this Court. At all times mentioned herein, LOGAN BROWN was acting within the scope of his employment as a Coles County Sheriff's Deputy. Defendant LOGAN BROWN is being sued in his individual capacity.

12.     Defendant OFFICER BUTLER is and was, at all times mentioned herein, a citizen of the United States residing within the jurisdiction of this Court. At all times mentioned herein, OFFICER BUTLER was acting within the scope of their employment as a Coles County Sheriff's Deputy. Defendant OFFICER BUTLER is being sued in their individual capacity.

13.     Defendant KYLE CHILDRESS, is and was, at all times mentioned herein, a citizen of the United States residing within the jurisdiction of this Court.  At all times mentioned herein, KYLE CHILDRESS was acting within the scope of his employment as a Coles County Sheriff's Deputy. Defendant KYLE CHILDRESS is being sued in his individual capacity.

14.     Defendant BUDDY LE COE, is and was, at all times mentioned herein, a citizen of the United States residing within the jurisdiction of this Court.  At all times mentioned herein, BUDDY LE COE was acting within the scope of his employment as a Coles County Sheriff's Deputy. Defendant BUDDY LE COE is being sued in his individual capacity.

15.     Defendant CHASE DUNNE, is and was, at all times mentioned herein, a citizen of the United States residing within the jurisdiction of this Court. At all times mentioned herein, CHASE DUNNE was acting within the scope of his employment as a Coles County Sheriff's Deputy. Defendant CHASE DUNNE is being sued in his individual capacity.

16.     Defendant DERRICK FINNEY, is and was, at all times mentioned herein, a citizen of the United States residing within the jurisdiction of this Court. At all times mentioned herein, DERRICK FINNEY was acting within the scope of his employment as a Coles County Sheriff's Deputy. Defendant DERRICK FINNEY is being sued in his individual capacity.

17.  Defendant JAMEY FLYNN, is and was, at all times mentioned herein, a citizen of the United States residing within the jurisdiction of this Court. At all times mentioned herein, JAMEY FLYNN was acting within the scope of his employment as a Coles County Sheriff's Deputy. Defendant JAMEY FLYNN is being sued in his individual capacity.

18.  Defendant NICOLE KATZ, is and was, at all times mentioned herein, a citizen of the United States residing within the jurisdiction of this Court. At all times mentioned herein, NICOLE KATZ was acting within the scope of her employment as a Coles County Sheriff's Deputy. Defendant NICOLE KATZ is being sued in her individual capacity.

19.  Defendant OFFICER KASTLE, is and was, at all times mentioned herein, a citizen of the United States residing within the jurisdiction of this Court. At all times mentioned herein, OFFICER KASTLE was acting within the scope of their employment as a Coles County Sheriff's Deputy. Defendant OFFICER KASTLE is being sued in their individual capacity.

20.  Defendant ALEXANDER KERSTEN, is and was, at all times mentioned herein, a citizen of the United States residing within the jurisdiction of this Court. At all times mentioned herein, ALEXANDER KERSTEN was acting within the scope of his employment as a Coles County Sheriff's Deputy. Defendant ALEXANDER KERSTEN is being sued in his individual capacity.

21.  Defendant THADDEUS LANG, is and was, at all times mentioned herein, a citizen of the United States residing within the jurisdiction of this Court. At all times mentioned herein, THADDEUS LANG was acting within the scope of his employment as a Coles County Sheriff's Deputy. Defendant THADDEUS LANG is being sued in his individual capacity.

22.  Defendant OFFICER LYL, is and was, at all times mentioned herein, a citizen of the United States residing within the jurisdiction of this Court. At all times mentioned herein,

OFFICER LYL was acting within the scope of their employment as a Coles County Sheriff's Deputy. Defendant OFFICER LYL is being sued in their individual capacity.

23.    Defendant JOSHUA MILLER, is and was, at all times mentioned herein, a citizen of the United States residing within the jurisdiction of this Court. At all times mentioned herein, JOSHUA MILLER was acting within the scope of his employment as a Coles County Sheriff's Deputy. Defendant JOSHUA MILLER is being sued in his individual capacity.

24.    Defendant  CADEN PRICE, is and was, at all times mentioned herein, a citizen of the United States residing within the jurisdiction of this Court. At all times mentioned herein, CADEN PRICE was acting within the scope of his employment as a Coles County Sheriff's Deputy. Defendant CADEN PRICE is being sued in his individual capacity.

25.    Defendant OFFICER RENO, is and was, at all times mentioned herein, a citizen of the United States residing within the jurisdiction of this Court. At all times mentioned herein, OFFICER RENO was acting within the scope of their employment as a Coles County Sheriff's Deputy. Defendant OFFICER RENO is being sued in their individual capacity.

26.    Defendant RYAN SHEPERD, is and was, at all times mentioned herein, a citizen of the United States residing within the jurisdiction of this Court. At all times mentioned herein, RYAN SHEPERD was acting within the scope of his employment as a Coles County Sheriff's Deputy. Defendant RYAN SHEPERD is being sued in his individual capacity.

27.    Defendant KRISTINA SOKOLINSKI (BAXTER) is and was, at all times mentioned herein, a citizen of the United States residing within the jurisdiction of this Court. At all times mentioned herein, Defendant KRISTINA SOKOLINSKI (BAXTER) was acting within the scope of her employment as a Coles County Sheriff's Deputy. Defendant KRISTINA SOKOLINSKI (BAXTER) is being sued in her individual capacity.

28.    Defendant MACIE WADDILL is and was, at all times mentioned herein, a citizen of the United States residing within the jurisdiction of this Court. At all times mentioned herein, Defendant MACIE WADDILL was acting within the scope of her employment as a Coles County Sheriff's Deputy. Defendant MACIE WADDILL is being sued in her individual capacity.

29.    Defendant  OFFICER WILSON is and was, at all times mentioned herein, a citizen of the United States residing within the jurisdiction of this Court. At all times mentioned herein, OFFICER WILSON was acting within the scope of their employment as a Coles County Sheriff's Deputy. Defendant OFFICER WILSON is being sued in their individual capacity.

30.    Defendant COUNTY OF COLES, ILLINOIS is an Illinois municipal corporation within the State of Illinois, which funds and operates the Coles County Jail and was at all relevant times the employer of Defendant KARI BEADLES. Defendant COUNTY OF COLES, ILLINOIS, is responsible for the implementation of policies, procedures, practices, and customs, as well as acts and omissions challenged by this suit. Defendant COUNTY OF COLES, ILLINOIS is responsible for ensuring that all of its public accommodations, including the Coles County Jail, are in full compliance with federal and state law, department or agency rules and regulations, and related standards of care.

31.    Defendant COUNTY OF COLES, ILLINOIS is joined as a defendant in this action for purpose of indemnification pursuant to *Carver v. Sheriff of LaSalle County*, 324 F.3d 947 (7th Cir. 2003), as it is a necessary party in interest to a civil rights lawsuit seeking monetary damages against a deputy or an independently elected county sheriff.  Defendant COUNTY OF COLES, ILLINOIS, is required by statute to fund the expenses of the Coles County Sheriff's Office, including payment of judgments entered against the Coles County Sheriff's Office and/or the Coles County Sheriff in his official capacity. 55 ILCS 5/1-1106.

**FACTUAL ALLEGATIONS COMMON TO ALL COUNTS**

**The Coles County Jail maintains certain cells, including purported "medical observation cells," which are essentially enclosed jail cells with no toilets, sink or running water, as well as four single person cells of approximately 3' x 4' dimensions, a bare room called "counsel room", another bare room, and a cell referred to as a "storage room", all of which have no toilet, no sink and no running water, (hereinafter collectively referred to as "medical observation cells"). It is the policy, custom and practice of the Coles County Jail to routinely house pre-trial detainees in these cells, leaving them unattended for hours or days, without giving them access to restrooms. The result is a disgusting and deplorable set of pre-trial detention conditions, where detainees are ignored, frequently soil themselves, causing pre-trial detainees to suffer physical injuries, emotional injuries and are stripped of basic human dignities. This policy, custom and practice has been known by the Coles County Sheriff and the County of Coles for years but has been allowed to continue without abatement.**

32.    The Coles County Sheriff maintains a website wherein it purports that community input is essential to the operation of the Sheriff's Office.

33.    But those words are empty rhetoric intended to charm voters into thinking that the Coles County Jail is a professionally managed operation, where, in reality, it subjects pre-trial detainees to human indignities that commonly occur in Third World prisons, including denial of basic sanitation, including the use of toilets.

34.     Plaintiff ELIJAH BURCH is a veteran who was honorably discharged from the United States Army, where he served as a Military Police Officer.

35.    In 2023, Plaintiff ELIJAH BURCH was arrested and transported to the Coles County Jail, where he remained as a pretrial detainee for approximately 3½ months.

36.    Upon intake at Coles County Jail, Plaintiff ELIJAH BURCH informed the intake officer that Plaintiff ELIJAH BURCH was experiencing severely upset stomach and diarrhea.

37.    While Plaintiff ELIJAH BURCH was initially housed in the general population of the Coles County Jail, after he continued to complain about his upset stomach and diarrhea, he was removed from the general population and housed inside a purported "medical observation" room of the Coles County Jail. Plaintiff ELIJAH BURCH was housed in the "medical observation room"

9

for approximately six (6) hours, during which time, he was forced to evacuate his troubled bowels fourteen (14) times, without being taken to a toilet or being provided with toilet paper, clean clothing, or cleaning supplies.

38.     The Medical Observation 1 and Medical Observation 2 cells have no medical features or equipment. To the contrary, these cells are former visitation rooms converted into jail cells without toilets or running water.  These jail cells measure approximately 15 feet long and 3 feet wide, with the glass window of the former visitation room function covered over by a solid brick wall. A photograph that truly and accurately depicts the "medical observation room" is attached hereto as **Exhibit 1**.

39.     The medical observation cells are spartan rooms with no bunk, toilet, sink or running water and are fully lighted all day and night – twenty-four hours per day, seven days per week.

40.     The medical observation cells are often occupied by multiple pre-trial detainees at a time, each of whom had a mat placed on the floor for them to sleep. Pre-trial detainees held in the medical observation cells are routinely denied blankets, drinking water and access to a toilet, toilet paper, clean uniforms or cleaning supplies.

41.     The pre-trial detainees, including Plaintiff ELIJAH BURCH, were provided meals which included a small glass of Kool-Aid, but were frequently denied water at other times of the day.

42.     The pre-trial detainees, including Plaintiff ELIJAH BURCH, had to pound on the door of the medical observation room to get the attention of a guard. On those occasions where they were able to get a guard's attention, they would frequently have to beg and plead to be able to use the toilet or to receive drinking water.

43.     On those occasions where the pre-trial detainees were unable to get the attention of the guard or if the guard simply ignored them, the pre-trial detainees would frequently soil

themselves with urine, fecal matter, or both, after being compelled to "hold it in" for hours at a time or hold their bodily processes, frequently resulting in constipation and physical pain.

44.     When a pre-trial detainee soiled themselves, they were often made to remain in the medical observation room for hours, still wearing their soiled clothing, causing many to suffer physical irritation to their skin, akin to diaper rash as they were made to sit in a room that reeked of the stench of urine and feces.

45.     The stench inside the medical observation cells could become so overwhelming that some pre-trial detainees would begin to gag and vomit, exacerbating the horrific conditions inside the room.

**Coles County Corrections Officers Routinely Ignore Pre-Trial Detainees Housed in the Medical observation cells in Violation of 20 Ill. Admin. Code §701.130.**

46.     According to the United States Department of Justice's Bureau of Justice Statistics, given the nature of the jail environment, the circumstances that tend to lead to incarceration, and the personal characteristics of persons most likely to be incarcerated, self-harm and suicide are endemic among jail populations. *See* E. Ann Carson, Bureau of Justice Statistics, *Suicide in Local Jails and State and Federal Prisons*, 200-2019 – Statistical Tables (Oct. 2021), available at https://bjs.ojp.gov/sites/g/files/xyckuh236/files/media/document/sljsfp0019st.pdf.

47.     Jail inmates routinely have suicide risk factors because the populations of jails are not a random sample of American citizens, but rather largely comprise a subset of the criminal population (not entirely, since some pre-trial detainees are innocent of the crimes for which they are awaiting trial), itself a population prone to abnormal behavior and the conditions of incarceration place pre-trial detainees under considerable psychological strain.

48.     Because of these obvious risk factors, Illinois law imposes strict rules governing observation of pre-trial detainees housed in Illinois jails. The Coles County Jail is not exempt from this controlling Illinois law. 20 Ill. Admin. Code §701.130.

49.     The Coles County Jail is subject to the Illinois County Jail Standards codified at 20 Ill. Admin. Code §701, *et. seq.*, which mandates that the Coles County Jail "have sufficient personnel to provide adequate 24-hour supervision of detainees" . . . and that "a jail officer shall provide personal observation, not including observation by a monitoring device, at least once every 30 minutes. A record of the observation shall be documented in the shift record." 20 Ill. Admin. Code §701.130.

50.     But as a practical matter, the Coles County Jail routinely ignores 20 Ill. Admin. Code §701.130.

51.     As a category, Coles County corrections officers assigned to guard pre-trial detainees do not like their jobs. In law enforcement circles, it is no secret that law enforcement officers employed by Sheriff's Departments prefer to be "on the road," meaning out on beats patrolling their jurisdiction in a squadrol.

52.     For many law enforcement officers who are hired into a Sheriff's Department, their entry level position is the most undesired position: to serve as a correction's officer at the county jail. For law enforcement officers who have the zeal to "fight crime," serving as a corrections officer is the equivalent of "baby sitting," which conflicts with the macho stereotype of fighting crime that draws so many rookie officers to the profession.

53.     Frustrated with "baby sitting" pre-trial detainees, who many corrections officers presume are guilty, corrections officers assigned to guard pre-trial detainees routinely ignore them for hours at a time.

54.    At the Coles County Jail, pre-trial detainees housed in the medical observation cells are particularly susceptible to physical harm because when corrections officers fail to routinely monitor them, pre-trial detainees are unable to gain access to water, a toilet or, if left alone for too long, a change of clothing and a shower, to clean themselves after being compelled to soil themselves with urine and feces, or vomit when they wretch after being ignored for too long.

55.    On information and belief, corrections officers are not disciplined when they ignore the physical human needs of pre-trial detainees confined in the medical observation cells.

56.    Defendants COUNTY OF COLE, KENT MARTIN and KARI BEADLES have known about this outrageous situation, having gained personal knowledge of the situation from at least three (3) independent sources. First, from a similar lawsuit brought by former pre-trial detainee Karlie Timmerman, concerning the medical observation cells at the Coles County Jail, in the case captioned *Timmerman v. Rankin*, et al., Case No. 22-CV-2044, previously pending in the U.S. District Court for the Central District of Illinois, before the Hon. Colleen Lawless.

57.    Second, Defendant COUNTY OF COLES, through its duly elected County Board, has allegedly appropriated dollars to remodel the Coles County Jail to correct the conditions in the so-called "medical observation cells," but has failed to actually approve the remodel or spend the money to get the problem fixed.

58.    Third, knowledge of the deplorable conditions at the Coles County Jail can be attributed to the Defendants due to the binding testimony of Kyle Childress, Jail Administrator for the Coles County Jail, who testified about the conditions of confinement at Coles County Jail, as follows:

Q:    What are the rules, policies, and regulations regarding the use of these [medical observation] cells in 2020 that are depicted in Exhibit[s] 1 and 2?

A:    The use of these cells would be for close observation of the individuals who are either on suicide watch *or have significant medical issues*.

Q:    In 2020, was there a limited amount of time that a person could be held in either observation one or observation two as depicted in Exhibit 1 and 2?

A:    ***Not to my knowledge***.

Q:    Were there any written rules or policies regarding placement of inmates in the observation one or observation two in 2020?

A:    ***I don't recall.***

Q:    Do these cells depicted in [photographs] each have a toilet within a cell.

A:    They do not.

Q:    And do the cells depicted in [photographs] have a source of drinking water within the cell?

A:    Not within the cell.

Q:    How is it that the persons locked in these cells that are depicted in [photographs] get to use the toilet?

A:    Upon request.

Q:    Is there a telephone or some kind of audio intercom where the person inside either one of these cells can contact the control room and request use of a toilet?

A:    Upon placement, ***inmates are advised to knock on the door and stand in front of the camera so that we are aware that they need something*** and that we can respond quickly to them.

Q:    And in 2020, were there any written policies instructing how corrections officers were to respond to the persons locked in the cells depicted in [photographs] when they think they need something?

A:    ***Not to my knowledge***.

Q:    So, any of the policies governing how the corrections officers were to respond to that would have been verbal policies?

A:    ***Practices, yes***.

Q:    Practices, okay. And was there training on this in 2020?

A:    ***No formal training***.

14

Q:      How is it that persons locked in these cells depicted [in photographs] get drinking water outside of their regular mealtimes?

A:      They simply knock on the door, stand in front of the camera. **When** the officer responds they may request water. There is generally a water jug that they can use, that they can get water from, or they can be taken to the nearest restroom and get water out of the sink there.

Q:      Have you ever been aware of more than one person being put in any of those cells that is V1 through V4?

A:      Yes.

Q:      And how many persons have you witnessed being put into those cells V1 through V4?

A:      No more than three.

Q:      And what's the actual purpose of those four cells V1 through V4 as depicted in [photograph]?

A:      Original purpose or repurposed purpose?

Q:      The purpose, the purpose now?

A:      The purpose now, it is a staging area, also a short-term administrative segregation, but generally what it's used for is nurse's visits. An individual will be placed in there while they wait to see the nurse.

Q:      And is there a nurse's office or an infirmary where the visits occur?

A:      **Yes**.

Q:      In 2020, is there any limit as to the actual amount of time that a person may be held in one of these cells that's depicted in [photographs]?

A:      ***I don't believe that we have any policy referencing that***.

A true and correct excerpt of Kyle Childress' deposition testimony is attached hereto as **Exhibit 2**.

59.      In sum: (a) the Coles County Jail converted a visitor's room into a staging area for nurses visits; (b) but the nurses visits are already performed in the nurse's office; (c) detainees, as many as three at a time, are housed in the rooms for an indefinite period of time, as there are no 15

rules or guidance limiting the circumstances for placing in such confinement or limiting the duration of said confinement; (d) corrections officer's – mostly rookies itching to be "on the road" and not babysitting – are tasked to observe pre-trial detainees in the "medical observation cells" but are given no formal training or rules about response times; and (e) corrections officer can respond to pre-trial detainees housed in these rooms "when" they respond, as their own discretion and without any guidelines or supervision.  It is no wonder that pre-trial detainees, like honorably discharged Army veteran ELIJAH BURCH, get left in a cell for hours, ignored, and compelled to soil themselves with urine and feces because nobody wanted to be bothered to give them access to a toilet.

60.    Here, the municipal custom and practice that proximately caused the physical and emotional injuries sustained by Plaintiff ELIJAH BURCH have injured, and will continue to injure, similarly situated pre-trial detainees currently housed at the Coles County Jail.  Moreover, this municipal custom and practice proximately caused physical injuries and emotional suffering to a large number of pre-trial detainees who are entitled to damages for their injuries.  The number of pre-trial detainees is too numerous to maintain as individual lawsuits against the Defendants.

61.    The proposed putative class is comprised of ***at least*** 87 other pre-trial detainees currently incarcerated at the Coles County Jail and all other former pre-trial detainees housed in the medical observation cells in the two years preceding the commencement of this putative class action complaint. The Coles County Jail maintains a daily roster of pre-trial detainees housed in the jail, an illustrative example is attached hereto as **Exhibit 3**. As such, the putative class is readily and easily attainable to identify in class discovery from the Coles County Jail.

62.    The individuals in this putative class are so numerous that joinder of all members is impractical.  At any given day, it is believed that the Coles County Jails incarcerates approximately

16

80-90 pre-trial detainees.  Depending on turn-over, release or transfer, it is estimated that the putative class could range between 150 to 200 individuals.

63.    There are questions of law and fact common to the claims of the Class. Among the common questions are:

a.    How long each member was housed in a so-called medical observation cell;

b.    What, if any, water, or restroom breaks were provided;

c.    What, if any, response, including but not limited to threat of punishment and actual punishment, was given to the pre-trial detainee when they requested water, bathroom or other assistance;

d.    How long the pre-trial detainee was made to remain in their own filth when their clothing became soiled after they were ignored by corrections officers;

e.    If pre-trial detainees were punished for demanding assistance and/or for using the floor as a toilet, how were the individual detainees punished and what repercussions, if any, did individual corrections officers face for meting out punishment;

f.    What, if any, health and safety practices and procedures are utilized by Coles County Jail to assist pre-trial detainees once they were injured by soiling themselves;

64.    Plaintiff ELIJAH BURCH's claims are typical of the claims of the Class. Plaintiff ELIJAH BURCH was a pre-trial detainee housed at Coles County Jail inside a medical observation room and is currently not incarcerated.

65.    Plaintiff ELIJAH BURCH was subjected to the same systemic practice of being denied water and bathroom while housed at the Coles County Jail.

66.    His treatment is typical of other pre-trial detainees detained at Coles County Jail and housed in the "medical observation cells."

67.     Plaintiff ELIJAH BURCH seeks to prove that the custom and practice of housing pre-trial detainees in medical observation cells, depriving them of water, a bathroom, and compelling pre-trial detainees to soil themselves and remain in their own filth for hours at a time violated the statutory and constitutional rights of the Class, and to obtain, declaratory, injunctive relief and damages, against the Defendants.

68.     The claims or defenses of Plaintiff ELIJAH BURCH are typical of the claims or defenses of the Class.

69.     Plaintiff ELIJAH BURCH will fairly and adequately represent the interests of the Class. He has retained skilled counsel with experience in class actions, and constitutional and prisoners' rights litigation.

70.     The questions of law and fact common to the Class predominate over any individual issues. In addition, a class action would be the fairest and most efficient way to adjudicate the Class members' claims.

### COUNT I
### 42 U.S.C. §1983 – Fourteenth Amendment Municipal Liability (*Monell*)
### Against Defendant Coles County Sheriff Kent Martin

71.     Each of the foregoing paragraphs are incorporated as if restated fully herein.

72.     ELIJAH BURCH, and all similarly situated current and former pre-trial detainees, were deprived of rights and privileges secured to them by the United States Constitution and by other laws of the United States, through the custom and practice of Coles County Sheriff KENT MARTIN, causing them to be subjected to deplorable conditions of confinement, including denial of drinking water, access to a toilet and causing pre-trial detainees to soil themselves compelled to remain in their own filth, causing them physical injuries and emotional distress from being subjected to such outrageous degradation.

73.     As described more fully above, Defendant KENT MARTIN inflicted unnecessary physical and emotional pain and suffering on Plaintiff ELIJAH BURCH and all other similarly situated pre-trial detainees housed in the medical observation cells at the Coles County Jail. Defendant KENT MARITIN did so in an objectively unreasonable manner and without penological justification.

74.     As described more fully above, this is a civil rights action brought pursuant to 42 U.S.C. §1983 that challenges the unconstitutional conditions of the Coles County Jail that resulted in the physical injuries and emotional injuries sustained by Plaintiff ELIJAH BURCH and all other similarly situated current and former pre-trial detainees of the Coles County Jail.

75.     Alternatively, Defendant KENT MARTIN knew that the risk of harm caused by his unlawful policy custom and practice, which was either created, condoned, or perpetuated by Defendant KENT MARTIN posed a serious risk to the health and safety of pre-trial detainees housed in the medical observation cells.

76.     As a result of Defendant KENT MARTIN'S unjustified and unconstitutional conduct, Plaintiff ELIJAH BURCH and other, similarly situated, current and former pre-trial detainees suffered pain, emotional distress, and physical injuries.

77.     The customs and practices of the Coles County Sheriff  were the moving force behind the violations of constitutional rights of ELIJAH BURCH and all current and former pre-trial detainees detained in the Coles County Jail and housed in the "medical observation cells."

78.     Plaintiff ELIHAN BURCH, on behalf of himself and all similarly situated pre-trial detainees, seeks actual and punitive damages, in addition to reasonable attorneys' fees.

79.     The injuries suffered by Plaintiff ELIJAH BURCH and other pre-trial detainees similarly situated were undertaken in an objectively unreasonable manner, with malice and/or

reckless indifference to the obvious risk of injury that would be suffered by Plaintiff ELIJAH BURCH and all similarly situated pre-trial detainees.

80.    The custom and practice of Defendant Coles County Sheriff KENT MARTIN, causing them to be subjected to deplorable conditions of confinement, including denial of drinking water, access to a toilet and causing pre-trial detainees to soil themselves compelled to remain in their own filth, causing them physical injuries and emotional distress from being subjected to such outrageous degradation, was implemented, condoned and/or perpetuated by Defendant  who, as Coles County Sheriff, is the official policymaker for the corrections policies, customs and practices at the Coles County Jail.

81.    Alternatively, Defendant Coles County Sheriff KENT MARTIN is liable for widespread custom or practice to permit and condone constitutional conditions that resulted in deprivations of the rights of pre-trial detainees to objectively safe conditions of confinement that proximately caused the injuries of Plaintiff ELIJAH BURCH and all similarly situated pre-trial detainees housed in medical observation cells at the Coles County Jail. *J.K.J. v. Polk County*, 960 F.3d 367 (7th Cir. 2020); *Glisson v. Ind. Dep't of Corr.*, 849 F.3d 372 (7th Cir. 2017); *Woodward v. Corr. Med. Servs. of Ill.*, *Inc.*, 368 F.3d 917 (7th Cir. 2004).

**WHEREFORE**, Plaintiff ELIJAH BURCH, on behalf of himself and all similarly situated pre-trial detainees of the Coles County Jail housed in the medical observation cells, demands and prays for judgment against Defendant Coles County Sheriff KENT MARTIN, in his official and individual capacity, for compensatory and punitive damages, including prejudgment and post-judgment interest, costs, reasonable attorneys' fees and such other and additional relief that this Court deems equitable and just.

## COUNT II
### 42 U.S.C. §1983 – Fourteenth Amendment – Failure to Protect
**Against Defendant Jail Supervisor Kari Beadles**

82.    Each of the foregoing paragraphs are incorporated as if restated fully herein.

83.    As alleged herein, this is a civil rights action brought pursuant to 42 U.S.C. §1983 that challenges the unconstitutional conditions of the Coles County Jail that resulted in the physical and emotional injuries suffered by Plaintiff ELIJAH BURCH and all similarly situated pre-trial detainees housed in the medical observation cells at the Coles County Jail.

84.    At all times material to this action, Defendant Jail Supervisor KARI BEADLES personally participated in the alleged constitutional deprivations alleged herein insofar as KARI BEADLES knew about the inhumane systemic custom and practice of housing pre-trial detainees in medical observation cells, without water and a toilet, compelling detainees to soil themselves and then ignoring detainees while making them remain in their own filth for hours,  and facilitated, approved, condoned and "turned a blind eye" to the custom and practice. *Matthews v. City of E. St. Louis*, 675 F.3d 703, 708 (7th Cir. 2012); *Doe v. Purdue Univ.*, 928 F.3d 652, 664 (7th Cir. 2019).

85.    Defendant KARI BEADLES knew at all times material to this action that there was a substantial risk that pre-trial detainees housed in the medical observation cells were being ignored by corrections officers, denied water and access to a toilet, causing pre-trial detainees to soil themselves in their own urine and feces, causing them to suffer physical injuries, emotional distress and indignities, without objectively reasonable justification or to achieve a penological justification.

86.    Defendant KARI BEADLES deliberately disregarded the immediate and serious threat to the health and well-being of ELIJAH BURCH and all similarly situated pretrial detainees housed in the medical observation cells at the Coles County Jail, causing them to be denied water and access to a toilet, causing pre-trial detainees to soil themselves in their own urine and feces,

causing them to suffer physical injuries, emotional distress and indignities, without objectively reasonable justification or to achieve a penological justification.

87.     It is more likely than not that the failures of Defendant KARI BEADLES as alleged above proximately caused the substantial risk that pre-trial detainees housed in the medical observation cells were being ignored by corrections officers, denied water and access to a toilet, causing pre-trial detainees to soil themselves in their own urine and feces, causing them to suffer physical injuries, emotional distress and indignities, without objectively reasonable justification or to achieve a penological justification.

**WHEREFORE**, Plaintiff ELIJAH BURCH, on behalf of himself and all similarly situated pre-trial detainees of the Coles County Jail housed in the medical observation cells, demands and prays for judgment against Defendant Coles County Jail Supervisor KARI BEADLES, in their official and individual capacity, for compensatory and punitive damages, including prejudgment and post-judgment interest, costs, reasonable attorneys' fees and such other and additional relief that this Court deems equitable and just.

## COUNT III
### 42 U.S.C. §1983 – Fourteenth Amendment – Failure to Protect
**Against Defendants Officer Benner, Logan Brown, Officer Butler, Kyle Childress, Buddy Le Coe, Chase Dunne, Derrick Finney, Jamey Flynn, Nicole Katz, Officer Kastle, Alexander Kersten, Thaddeus Lang, Officer Lyl, Joshua Miller, Caden Price, Officer Reno, Ryan Sheperd, Kristina Sokolinski (Baxter), Macie Waddill and Officer Wilson**

88.     Each of the foregoing paragraphs are incorporated as if restated fully herein.

89.     As alleged herein, this is a civil rights action brought pursuant to 42 U.S.C.§1983 that challenges the unconstitutional conditions of confinement at the Coles County Jail.

90.     At all time relevant to this action Defendants Officer Benner, Logan Brown, Officer Butler, Kyle Childress, Buddy Le Coe, Chase Dunne, Derrick Finney, Jamey Flynn, Nicole Katz,

Officer Kastle, Alexander Kersten, Thaddeus Lang, Officer Lyl, Joshua Miller, Caden Price, Officer Reno, Ryan Sheperd, Kristina Sokolinski (Baxter), Macie Waddill and Officer Wilson personally participated in the alleged constitutional deprivations alleged herein as they knew – individually and collectively – about the systemic custom and practice of denying pre-trial detainees water and access to toilets and, themselves, personally deprived pre-trial detainees of water and access to toilets when they guarded and/or monitored pre-trial detainees housed in the aforementioned observation rooms.

91.    The conduct of Defendants Officer Benner, Logan Brown, Officer Butler, Kyle Childress, Buddy Le Coe, Chase Dunne, Derrick Finney, Jamey Flynn, Nicole Katz, Officer Kastle, Alexander Kersten, Thaddeus Lang, Officer Lyl, Joshua Miller, Caden Price, Officer Reno, Ryan Sheperd, Kristina Sokolinski (Baxter), Macie Waddill and Officer Wilson was objectively unreasonable and conducted in a willful and wanton manner because each of these defendants – individually and collectively – knew that depriving pre-trial detainees of access to water and toilets would subject them to outrageously inhumane conditions of confinement, where pre-trial detainees were left to soil themselves in urine and feces, suffer from dehydration, and experience physical injuries in the form of "diaper rash" after sitting in their human waste for several hours, and resulting emotional indignity of being treated in such an objectively cruel manner.

92.    These defendants knew that there was a substantial risk that Plaintiff ELIJAH BURCH, and all other similarly situated pre-trial detainees housed at the Coles County Jail under these conditions, and each of these defendants had the ability to prevent the harm suffered by Plaintiff ELIJAH BURCH, and all other similarly situated pre-trial detainees housed at the Coles County Jail, but knowingly and intentionally chose to ignore their suffering, proximately causing the injuries alleged herein.

93.     It is more likely than not true that the failures of these defendants as alleged above proximately caused the injuries suffered by Plaintiff ELIJAH BURCH, and all other similarly situated pre-trial detainees housed at the Coles County Jail under the conditions alleged above.

**WHEREFORE**, Plaintiff ELIJAH BURCH, on behalf of himself and all similarly situated pre-trial detainees of the Coles County Jail housed in the medical observation cells, demands and prays for judgment against Defendants OFFICER BENNER, LOGAN BROWN, OFFICER BUTLER, KYLE CHILDRESS, BUDDY LE COE, CHASE DUNNE, DERRICK FINNEY, JAMEY FLYNN, NICOLE KATZ, OFFICER KASTLE, ALEXANDER KERSTEN, THADDEUS LANG, OFFICER LYL, JOSHUA MILLER, CADEN PRICE, OFFICER RENO, RYAN SHEPERD, KRISTINA SOKOLINSKI (BAXTER), MACIE WADDILL, and OFFICER WILSON, in their official and individual capacity, for compensatory and punitive damages, including prejudgment and post-judgment interest, costs, reasonable attorneys' fees and such other and additional relief that this Court deems equitable and just.

### COUNT IV
### <u>Indemnification</u>
### Against Defendant County of Coles

94.     Each of the foregoing paragraphs are incorporated as if restated fully herein.

95.     During the relevant times, Defendant COUNTY OF COLES employed Defendant KENT MARTIN and KARI BEADLES as sheriff, jail supervisor, respectively.

96.     The acts alleged herein were committed by each and all of the individual defendants as an agent for or in the scope of his or her employment with the Defendant COUNTY OF COLES.

97.     Illinois law (745 ILCS § 10/9-102) provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

**WHEREFORE**, should any or all of individual defendants KENT MARTIN or KARI BEADLES be found liable on one or more of the claims set forth above, Plaintiff ELIJAH BURCH prays that, pursuant to 745 ILCS 10/9-102, the Defendant COUNTY OF COLES be held liable for and pay any judgment against said Defendant, as well as attorneys' fees and costs awarded, and for any additional relief this Court deems just and proper.

**JURY DEMAND**

Plaintiff ELIJAH BURCH on behalf of himself and all other similarly situated pre-trial detainees at Coles County Jail hereby demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all issues so triable.

Respectfully submitted,

**Plaintiff Elijah Burch on behalf of himself and all other similarly situated pre-trial detainees of the Coles County Jail**

/s/ *Devlin Joseph Schoop*
On behalf of Plaintiff Elijah Burch and all other similarly situated pre-trial detainees of the Coles County Jail

/s/ *Judith Marie Redwood*
On behalf of Plaintiff Elijah Burch and all other similarly situated pre-trial detainees of the Coles County Jail

Dated: February 19, 2025

Devlin Joseph Schoop
Laduzinsky & Associates, P.C.
216 South Jefferson Street, Suite 301
Chicago, Illinois 60601-5743
(312) 424-0700
dschoop@laduzinsky.com

Judith Marie Redwood  6257623
Redwood Law Office
P.O. Box 864
St. Joseph, IL 61873
(217) 469-9194  fx (217) 469-8094
redwoodlaw42@hotmail.com

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Elijah Burch, on behalf of himself and all similarly situated former and current pre-trial detainees housed at the | Kent Martin, in his individual and official capacity as the Coles County Sheriff |

| (b) County of Residence of First Listed Plaintiff **Coles** | County of Residence of First Listed Defendant |
|---|---|
| *(EXCEPT IN U.S. PLAINTIFF CASES)* | *(IN U.S. PLAINTIFF CASES ONLY)* |
| | NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED. |

| (c) Attorneys *(Firm Name, Address, and Telephone Number)* | Attorneys *(If Known)* |
|---|---|
| Devlin Schoop, Laduzinsky & Associates, P.C., 216 South Jefferson Street, Suite 301, Chicago, Illinois | |

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | of Property 21 USC 881 | ☐ 423 Withdrawal | ☐ 376 Qui Tam (31 USC |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | ☐ 690 Other | 28 USC 157 | 3729(a)) |
| ☐ 140 Negotiable Instrument | Liability | | | ☐ 400 State Reapportionment |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | | **INTELLECTUAL** | ☐ 410 Antitrust |
| & Enforcement of Judgment | Slander | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted | Liability | **PERSONAL INJURY** | ☐ 830 Patent | ☐ 460 Deportation |
| Student Loans | ☐ 340 Marine | ☐ 365 Personal Injury - | ☐ 835 Patent - Abbreviated | ☐ 470 Racketeer Influenced and |
| (Excludes Veterans) | ☐ 345 Marine Product | Product Liability | New Drug Application | Corrupt Organizations |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 367 Health Care/ | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | Pharmaceutical | ☐ 880 Defend Trade Secrets | (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Personal Injury | Act of 2016 | ☐ 485 Telephone Consumer |
| ☐ 190 Other Contract | Product Liability | Product Liability | | Protection Act |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | ☐ 368 Asbestos Personal | **LABOR** | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | Injury | Injury Product | ☐ 710 Fair Labor Standards | ☐ 850 Securities/Commodities/ |
| | ☐ 362 Personal Injury - | Liability | Act | Exchange |
| | Medical Malpractice | **PERSONAL PROPERTY** | ☐ 720 Labor/Management | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | ☐ 370 Other Fraud | Relations | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | ☐ 371 Truth in Lending | ☐ 740 Railway Labor Act | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 380 Other Personal | ☐ 751 Family and Medical | ☐ 895 Freedom of Information |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | Property Damage | Leave Act | Act |
| ☐ 240 Torts to Land | ☐ 443 Housing/ | ☐ 385 Property Damage | ☐ 790 Other Labor Litigation | ☐ 896 Arbitration |
| ☐ 245 Tort Product Liability | Accommodations | Product Liability | ☐ 791 Employee Retirement | ☐ 899 Administrative Procedure |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | | Income Security Act | Act/Review or Appeal of |
| | Employment | **PRISONER PETITIONS** | | Agency Decision |
| | ☐ 446 Amer. w/Disabilities - | **Habeas Corpus:** | **SOCIAL SECURITY** | ☐ 950 Constitutionality of |
| | Other | ☐ 463 Alien Detainee | ☐ 861 HIA (1395ff) | State Statutes |
| | ☐ 448 Education | ☐ 510 Motions to Vacate | ☐ 862 Black Lung (923) | |
| | | Sentence | ☐ 863 DIWC/DIWW (405(g)) | |
| | | ☐ 530 General | ☐ 864 SSID Title XVI | |
| | | ☐ 535 Death Penalty | ☐ 865 RSI (405(g)) | |
| | | **Other:** | | |
| | | ☐ 540 Mandamus & Other | **FEDERAL TAX SUITS** | |
| | | ☒ 550 Civil Rights | ☐ 870 Taxes (U.S. Plaintiff | |
| | | ☐ 555 Prison Condition | or Defendant) | |
| | | ☐ 560 Civil Detainee - | ☐ 871 IRS—Third Party | |
| | | Conditions of | 26 USC 7609 | |
| | | Confinement | | |

**FORFEITURE/PENALTY / IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. Section 1983

Brief description of cause:
Coles County jail denies pre-trial detainees water and access to toilets, causing physical and emotional pain and suffering.

## VII. REQUESTED IN COMPLAINT:

☒ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $ to be determined by a

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____ DOCKET NUMBER _____

| DATE | SIGNATURE OF ATTORNEY OF RECORD |
|---|---|
| February 19, 2025 | Devlin Joseph Schoop |

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)**    **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

   **(b)**    **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

   **(c)**    **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**    **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.)**

**III.**    **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.**    **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.**    **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statute.

**VI.**    **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

**VII.**    **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**    **Related Cases.** This section of the JS 44 is used to reference related cases, if any. If there are related cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.